## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Brenna M.,

               Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

               Defendant.

Civil No. 3:22-cv-00006-SRU

January 4, 2022

### ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Brenna M.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits her to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1]     Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet this standard, courts consider not only his or her personal resources, but family resources as well. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In particular, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the plaintiff's *in forma pauperis* motion is accompanied by a financial affidavit stating that she receives no more than $100/week from her self-employment as a graphic designer and jewelry maker.  (ECF No. 2.)  Her affidavit also says, however, that she receives "financial assistance from [her] parents."  (*Id.* at 2.)  She provides no further information about her parents' resources.

Because courts consider the resources of persons who provide financial support to *in forma pauperis* applicants in determining whether to grant the application, and because this plaintiff has not provided any information about her parents' resources, this Court is unable to determine whether she is entitled to proceed without paying the filing fee.  The Court therefore orders that, by January 18, 2022, the plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of the resources of any person from whom she draws financial support and his/her ability to pay the fee.  She is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

Dated this 4th day of January, 2022, at Hartford, Connecticut.


*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge